FILED
DEC 5 - 2005
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

THE VILLAS AT HACIENDA DEL SOL, INC., an Arizona corporation,

    Debtor.

ENVIRONMENTAL EARTHSCAPES, INC., an Arizona corporation, dba The Groundskeeper,

    Plaintiff,

v.

WESTERN PLAINS DEVELOPMENT CORP., an Arizona corporation, and THE OHIO CASUALTY INSURANCE COMPANY, an Ohio corporation; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,

    Defendants,

Chapter 11

Case No. 4-05-01482-EWH

Adversary No. 05-00201

**MEMORANDUM DECISION**

## **INTRODUCTION**

Litigation between the Debtor's general contractor and one of its subcontractors is related to the Debtor's bankruptcy case because an adverse outcome to the litigation could have an effect on the bankruptcy estate. Because the litigation has already been removed to

this court, there is no parallel proceeding in state court in favor of which this court must or could abstain. The equitable factors which govern remand, favor retention of this adversary proceeding in this court. The reasons for my conclusions are explained in the balance of this decision.

## FACTUAL AND PROCEDURAL HISTORY

Movant, Environmental Earthscapes, Inc. (Environmental Earthscapes) has a subcontract with Western Plains Development Corp (WPD) on a construction project (Project) to build apartment units on property owned by the Debtor. WPD is the general contractor on the Project. The Debtor is not a party to the subcontract between WPD and Environmental Earthscapes. Under its contract with the Debtor, WPD was required to provide payment and performance bonds for the Project. In order to comply with that requirement, WPD obtained a $12.7 million payment bond from Ohio Casualty Insurance Company, (Ohio Casualty). WPD is named as the principal on the bond and the Debtor is named as the obligee.

In the spring of 2004, a dispute arose between the Debtor and WPD. The Debtor quit funding WPD's payment and change order requests. At or about the same time, WPD quit paying the subcontractors on the Project. Environmental Earthscapes subsequently sued Ohio Casualty and WPD in Pima County Superior Court (Environmental Earthscapes Litigation).

After the Debtor filed for Chapter 11 relief in March 2005, Ohio Casualty and/or WPD filed notices of removal of all pending state court proceedings brought by subcontractors against WPD and/or Ohio, including the Environmental Earthscapes Litigation. All of the

removal notices state that the litigation being removed is "related to" Debtor's bankruptcy case. Environmental Earthscapes filed a Motion for Remand of Removed Claim in September of 2005.[1] After the Environmental Earthscapes Litigation was removed, Ohio Casualty filed an answer and third-party complaint against the Debtor, alleging that to the extent Ohio Casualty was found liable to Environmental Earthscapes, the Debtor "is or may" be liable to Ohio Casualty under the terms of WPD's contract with the Debtor as well as under principles of contribution and indemnity.

Environmental Earthscapes' motion, along with motions to remand filed by a number of other subcontractors on the Project, was heard on November 17, 2005. The matter is now ready for decision.

## DISCUSSION

In its motion and reply, Environmental Earthscapes seeks remand under 28 U.S.C. § 1334(c)(2).

---

[1] In addition to Environmental Earthscapes, Best Paving, Inc. (Best), M&B Mechanical, Inc. (M&B Mechanical), NWR Enterprises, Inc. dba Brikon Masonry (Brikon), JFN Mechanical Contracting, Inc. (JFN Mechanical), Design Plastering, Inc. (Design Plastering) and Ron's Concrete Construction, Inc. dba Hector's Concrete (Ron's Concrete) all filed suit against WPD and/or Ohio Casualty in Pima County Superior Court. Brikon, Best, and M&B Mechanical, joined by Ron's Concrete, filed motions to remand their lawsuits to state court. M&B Mechanical has withdrawn its Motion. JFN Mechanical and Design Plastering have not filed motions to remand. The motions for remand filed by Best, Brikon and Ron's Concrete are the subjects of separate memorandum decisions and orders entered this date.

3

A. Abstention Under 28 U.S.C.1334(c) Does Not Apply

In its motion, Environmental Earthscapes asserts that mandatory abstention under 28 U.S.C. § 1334(c)(2) requires that the Environmental Earthscapes Litigation be remanded to state court. However, in Security Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999,1009 (9th Cir. 1997), the Ninth Circuit held that abstention can exist only when there is a parallel proceeding in state court.

> Section 1334(c) abstention should be read in *pari materia* with section 1452(b) remand, so that [section 1334(c)] applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1) or that by legislative mandate, requires it, section 1334(c)(2). Id. at 1010.

See also In re Lazar, 237 F.3d 967, 981 (9th Cir. 2001).

Under the holding in Security Farms, because Ohio Casualty and WPD have removed the Environmental Earthscapes Litigation, there is no parallel proceeding in state court. There is, therefore, no "pendant state action" in favor of which the court must or may abstain. Id. at 1009. Accordingly, Environmental Earthscapes' motion is not governed by Section 1334(c).

B. Remand under 28 U.S.C. § 1452(b)

A cause of action or a claim may be remanded to state court "on any equitable ground."[2] The "any equitable ground" remand standard is an unusually broad grant of authority committed

---

[2] 28 U.S.C. § 1452(b) provides as follows: "The court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291 or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

4

to the sound discretion of the bankruptcy judge. In re McCarthy, 230 B.R. 414 (9th Cir. B.A.P. 1999).

In exercising this "broad grant" of discretion, courts have looked to a number of factors to determine whether remand would be equitable in a given case. These factors include:

> Judicial economy, comity and respect for state law decision making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy estate, the effect of bifurcating claims and parties to an action and the possibility of inconsistent results, the predominance of state law issues and non-debtor parties, and the extent of any prejudice to non-debtor parties. In re TIG Insurance Co., 264 B.R. 661, 666 (Bankr. C.D. Cal. 2001). (citations omitted).

In this case, contract and surety law issues governed by state law predominate. However, the issue of whether Environmental Earthscapes is entitled to damages under Ohio Casualty's bond or its subcontract with WPD will affect the Debtor's bankruptcy case. Ohio Casualty's indemnification rights against WPD and/or the Debtor on the payment bond and WPD's contractual and/or equitable indemnification rights against the Debtor as the owner of the Project, mean that any adverse outcome of the Environmental Earthscapes Litigation to Ohio Casualty and/or WPD will have an impact on the Debtor's bankruptcy estate because it will increase the amount of WPD's and/or Ohio Casualty's claims. The fact that WPD's claims against the Debtor will have to be severed if the Environmental Earthscapes Litigation is remanded also raises concerns about the efficient use of judicial resources both in this court and in state court.

Furthermore, if the Environmental Earthscapes Litigation is remanded, there is a possibility of inconsistent results between this court and the state court in interpreting similar

contractual provisions. Ohio Casualty and WPD have asserted in all of the pending litigation with the Project's subcontractors that a "pay when paid" clause in the subcontracts means that no amounts are currently due and owing from WPD (or Ohio Casualty) to any of the Project subcontractors. One subcontractor, M&B Mechanical has withdrawn its motion for remand. Two others have failed to seek remand. Therefore, I will be forced to address WPD's "pay when paid" defense. However, if the Environmental Earthscapes Litigation is remanded, the state court also has to address the "pay when paid" defense" raising the very real possibility of inconsistent results which could have an adverse effect on the Debtor and its creditors.

This court is the only forum where all of the subcontractors and potential resulting indemnification claims against the Debtor can be heard. While the litigation can be heard relatively quickly and efficiently in this court, absent consent of the parties and Environmental Earthscapes has not consented, this court cannot enter final orders or judgments in "related to" proceedings. See 28 U.S.C. § 157(c)(1). As a result, the Environmental Earthscapes Litigation may not necessarily conclude more quickly in this court than in state court, but I find that the possibility of inconsistent results between the federal and state forums and the potential significant impact that such inconsistent results could have on the bankruptcy estate, outweigh any delay caused by the requirement that this court submit its proposed findings of fact and conclusions of law to the District Court.

## CONCLUSION

Under Ninth Circuit case law, abstention under Section 1334(c) does not apply to Environmental Earthscapes' Motion for Remand of Removed Claim. Under the broad equitable principles which govern remanding of removed matters under 28 U.S.C. § 1452(b), I find that the Environmental Earthscapes Litigation should not be remanded to state court because it will require an inefficient severance of claims and open up the possibility of inconsistent rulings on similar matters by the state court and this court. Accordingly, the motion is denied.

The foregoing constitute my findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7053. A separate order denying Environmental Earthscapes' Motion for Remand of Removed Claim will be entered this date.

DATED this 5th day of December, 2005.

Eileen W. Hollowell
U.S. Bankruptcy Judge

Copy of the foregoing served as indicated
below this 5 day of December, 2005, to:

Joseph H. Watson, Esq.
Law Offices of Joseph H. Watson
109 East Speedway Blvd.
Tucson, AZ 85705-7763
Attorney for Environmental Earthscapes, Inc. dba The Groundskeeper
via first-class mail

```
 1  Rob Charles, Esq.
 2  Lewis and Roca LLP
    1 South Church Avenue, Suite 700
 3  Tucson, AZ 85701-1611
    Attorneys for The Ohio Casualty Insurance Company and
 4      Western Plains Development Corp.
 5  rcharles@lrlaw.com

 6
    Matthew R.K. Waterman, Esq.
 7  Waterman & Waterman, P.C.
    33 North Stone Avenue #2020
 8  Tucson, AZ 85701
    Attorneys for The Villas at Hacienda Del Sol, Inc.
 9  mrkw@watermanlaw.com
10
    Evan L. Thompson, Esq.
11  Thompson Krone, PLC
    3002 North Campbell Ave. #201
12  Tucson, AZ 85719
13  Special Counsel to The Villas at Hacienda Del Sol, Inc.
14  evan@thompsonkrone.com

15  By _____
16         Judicial Assistant
```